IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION

JOHNIE GRADY,

    Petitioner,

v.

UNITED STATES OF AMERICA,

    Respondent.

CIVIL ACTION NO.: CV509-039

CASE NO.: CR507-014

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner Johnie Grady ("Petitioner"), who is currently incarcerated at the Federal Correctional Institution in Estill, South Carolina, filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. The Government filed a Response. For the reasons which follow, Petitioner's Motion should be **DENIED**.

## STATEMENT OF THE CASE

Petitioner was indicted on November 16, 2006, by a grand jury on a single count of possession with intent to distribute 500 grams or more of cocaine hydrochloride in violation of 21 U.S.C. § 841(a)(1). (S.D. Ga., CR506-017, Doc. No. 1). On July 23, 2007, the trial court dismissed the indictment, without prejudice, due to a violation of the Speedy Trial Act, 18 U.S.C. § 3162(a)(2). (Id. at Doc. No. 29). The court found that the delay in Petitioner's trial was due "solely to oversights by personnel in the district court clerk's office and without any fault by the parties." (Id. at p. 11). After the dismissal, a

grand jury again indicted Petitioner on a single count of possession with intent to distribute 500 grams or more of cocaine hydrochloride in violation of 21 U.S.C. § 841(a)(1). (S.D. Ga., CR507-14, Doc. No. 5). At his trial, Petitioner was found guilty. (Id. at Doc. No. 33). He received a sentence of 262 months' imprisonment. (Id. at Doc. No. 48, p. 2).

Petitioner appealed his conviction to the Eleventh Circuit. On appeal, Petitioner argued that the original indictment against him should have been dismissed with prejudice, that his re-indictment and conviction violated his Sixth Amendment right to a speedy trial, and that the evidence offered at trial was not sufficient to convict him. (Doc. No. 5-2). The Eleventh Circuit affirmed Petitioner's conviction. United States v. Grady, 318 Fed. Appx. 816 (11th Cir. 2009) (per curiam).

Petitioner filed the instant motion raising the following four grounds of ineffective assistance of counsel: (1) "After an inordinately lengthy delay between arrest[,] trial[,] dismissal and re-indictment, []trial co[u]nsel, Althea L. Buafo, failed to file a motion to challenge the speedy trial violation. Therefore, petitioner was forced to raise the issue for the first time on appeal where the less stringent plain error standard of review was applied." (Doc. No. 1, p. 4); (2) petitioner's trial counsel "failed to file a motion to challenge the violation of Petitioner Six[th] Amendment [r]ight to a speedy trial," forcing Petitioner "to raise the issue for the first time on appeal where the less stringent plain error standard of review was applied as opposed to the more stringent clearly erroneous standard of review." (Id. at p. 5); (3) Petitioner's trial counsel failed to interview, subpoena, or investigate witnesses who Petitioner claimed could have provided exculpatory evidence at trial. (Id. at p. 7); and (4) Petitioner's sentencing counsel,

Joseph J. Hennesy, Jr., failed to challenge Petitioner's designation as a career criminal. The Government asserts that Petitioner's Motion should be denied.

## DISCUSSION AND CITATION TO AUTHORITY

Strickland v. Washington, 466 U.S. 668 (1984), is the governing Supreme Court precedent in analyzing ineffective assistance of counsel claims. To obtain relief under Strickland, a petitioner "must show (1) counsel's performance was deficient and (2) that deficiency prejudiced him." Strickland, 466 U.S. at 687. Counsel's performance is deficient when it falls "below an objective standard of reasonableness," Chandler v. United States, 218 F.3d 1305, 1312 (11th Cir. 2000), which means that it is "outside the wide range of professionally competent assistance." Strickland, 466 U.S. at 690. Further, "the issue is not what is possible or 'what is prudent or appropriate, but only what is constitutionally compelled.'" Chandler, 218 F.3d at 1313 (citing Burger v. Kemp, 483 U.S. 776, 794 (1987)). Courts conduct a highly deferential review of counsel's performance and "indulge [the] strong presumption that counsel's performance was reasonable and that counsel 'made all significant decisions in the exercise of reasonable professional judgment.'" Id. at 1314 (alteration in original) (quoting Strickland, 466 U.S. at 689-90). "[F]or a petitioner to show that the conduct was unreasonable, a petitioner must establish that no competent counsel would have taken the action his counsel did take." Id. The prejudice standard of Strickland requires that there be "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Gilliam v. Secretary for Dept. of Corrections, 480 F.3d 1027, 1033 (11th Cir. 2007).

I.  **Speedy Trial Claims**

In his first and second grounds, petitioner faults his trial counsel for failing to file motions challenging the violation of his Sixth Amendment right to a speedy trial, asserting that this subjected him to the "plain error" standard of review as opposed to the "clearly erroneous" standard. (Doc. No. 1, pp. 4-5). Though Petitioner faults his trial counsel for failing to file a motion challenging alleged speedy trial violations in his first case, Petitioner's counsel did argue that the indictment should be dismissed for violating the Speedy Trial Act, 18 U.S.C. § 1361.  (S.D. Ga., CR506-017, Doc. No. 26). Petitioner's counsel asserted that because Petitioner's trial had not taken place within ninety days of his detainment, his "indictment and charges should be dismissed and he should be released from custody instanter." (Id. at Doc. No. 26, p. 3). The district court dismissed Petitioner's first indictment, without prejudice, which allowed for a subsequent indictment on the same charge. (Id. at Doc. No. 29).

Petitioner's argument that he suffered prejudice because his claim was subject to plain error review on appeal is without merit. A district court "is not required to reconsider claims of error that were raised and disposed of on direct appeal." United States v. Nyhuis, 211 F.3d 1340, 1343 (11th Cir. 2000). "[O]nce a matter has been decided adversely to a defendant on direct appeal it cannot be re-litigated in a collateral attack under section 2255." United States v. Natelli, 553 F.2d 5, 7 (2d Cir.1977). "When a claim of ineffective assistance is based on a failure to object to an error committed by the district court, that underlying error must at least satisfy the standard for prejudice that [the Eleventh Circuit] employ[s] in [its] review for plain error." Gordon v. United States, 518 F.3d 1291, 1298 (11th Cir. 2008). "It would be nonsensical if a petitioner,

on collateral review, could subject his challenge of an unobjected-to error to a lesser burden by articulating it as a claim of ineffective assistance." Id.

The Eleventh Circuit remarked in its opinion that Petitioner "could not show, and did not argue on appeal, that he was prejudiced by the delay" of his trial. United States v. Grady, 318 Fed. Appx. 816, 818 (11th Cir. 2009) (per curiam). Though Petitioner argues that, "[a]ny reasonable lawyer representing [him] at trial would not have failed to challenge the re-indictment on constitutional grounds," his only allegation of prejudice is that he was subject to the plain error standard of review. (Doc. No. 7, p. 5). Petitioner makes no argument that this subjection to the plain error standard of review created a "reasonable probability that . . . the result of [his] proceeding would have been different," and therefore fails to meet the Strickland standard for showing ineffective assistance of counsel. Gilliam v. Secretary for Dept. of Corrections, 480 F.3d 1027, 1033 (11th Cir. 2007).

## II. Failure to Investigate Claim

Petitioner asserts, in his third ground, that trial counsel failed to interview a witness or witnesses that could provide exculpatory evidence at trial. (Doc. No. 1, p. 7). Petitioner does not identify the witness(es) or the nature of their potential testimony. Petitioner's allegations are conclusory and do not support § 2255 relief. See Lynn v. United States, 365 F.3d 1225, 1238 (11th Cir. 2004) (finding that a petitioner was properly denied § 2255 relief without a hearing where his claim was supported only by "mere conclusory allegations"). Petitioner even admits that trial counsel had no duty to "investigate particular facts or a certain line of defense." (Doc. No. 7, p. 6). Petitioner's conclusory assertions fail to indicate a deficient performance by trial counsel.

### III. Career Offender Enhancement

Petitioner's final argument is that sentencing counsel failed to challenge the presentence report's inclusion of two uncounseled convictions, which gave Petitioner career offender status, and set his total offense level at thirty-four instead of twenty-six. (Doc. No. 1, p. 9). Petitioner claims that the two uncounseled convictions are presumptively void.

"A defendant is a career offender if (1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense." U.S.S.G. § 4B1.1.

The undersigned does not need to address whether Petitioner's two uncounseled convictions are presumptively void because petitioner has more than two counseled felony convictions for marijuana and cocaine possession. (PSI ¶¶ 33-35). These convictions elevate Petitioner to career offender status irrespective of any uncounseled convictions. Petitioner cannot show deficiency or prejudice on this ground.

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that Petitioner's motion to set aside, vacate, or correct his sentence, brought pursuant to 28 U.S.C. § 2255, be **DENIED**.

**SO REPORTED** and **RECOMMENDED**, this 11th day of January, 2010.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE